IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TYRIQUEZ L. MCFADDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 114-064 |
| | ) (Formerly CR 110-282) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 6.) The Court finds that Petitioner's objections are without merit and warrant only a brief discussion. Petitioner argues that he is entitled to equitable tolling of the one-year statute of limitations in 28 U.S.C. § 2244 because of alleged extraordinary circumstances involving his custody following his sentencing in the underlying case.

As noted by the Magistrate Judge, (doc. no. 2), Petitioner bears the burden of proving his entitlement to equitable tolling, see San Martin v. McNeil, 633 F.3d 1234, 1252 (11th Cir. 2006), and he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 632 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, Petitioner states that the statute of limitations for filing a federal habeas corpus petition expired while he was in the custody of the Department of Corrections and had no access to federal law from March 18, 2011 through July 23, 2012, when he was taken into custody by the United States Marshals. (Doc. no. 6, p. 2.) Petitioner's argument that this entitles him to equitable tolling is without merit. First, this Court has previously determined that a petitioner's status as an incarcerated litigant does not qualify as an extraordinary circumstance for purposes of equitable tolling. Melton v. Frazier, CV 109-035, 2009 WL 2634114, at *6 (S.D. Ga. Aug. 26, 2009) (citing Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir.2001)). Second, even if the Court were to assume, for the sake of argument, that being incarcerated constituted an extraordinary circumstance, Petitioner has not shown he has been pursuing his rights diligently. Even after Petitioner was transferred to the custody of the U.S. Marshals in July 2012, thereby alleviating the alleged extraordinary circumstance that prevented timely filing of a federal habeas corpus petition, he did not file the current petition until over a year-and-a-half later, in February 2014. (See doc. no. 1.) Accordingly, Petitioner has not shown he is entitled to equitable tolling. San Martin, 633 F.3d at 1252; Holland, 560 U.S. at 632.

For the reasons stated above, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the instant § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule

2

11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 2nd day of June, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3